880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward GUERRERO, Plaintiff-Appellant,
v.
William HUDSON; Richard Walbrecq; Ronald Gach; Thomas
Patten; Sandra Johnson; Gloria Richardson;
Jacqueline Moss, Defendants-Appellees.
 No. 88-2152.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and JAMES D. TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Edward M. Guerrero, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights action filed pursuant 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking monetary damages and injunctive relief, Guerrero, who is serving a life sentence, sued defendants, members of the Michigan parole board, alleging that the board's failure to grant him a hearing and release violated his fifth and fourteenth amendment due process rights. Guerrero alleged that he had entered into a performance contract with the Board pursuant to Mich.Comp.Laws Ann. Sec. 791.234 and Mich.Admin.Code r. 791.7725, that gave him a constitutionally protected interest in parole, which was denied him in violation of due process.
 
 
 5
 After the district court considered the pleadings and affidavits of the parties, it granted summary judgment for the defendants. Guerrero has filed a timely appeal.
 
 
 6
 Upon review, we conclude the district court properly granted summary judgment because the pleadings and affidavits show that no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 The applicable Michigan parole statute does not create a constitutionally protected interest in parole because the statute is discretionary and creates no presumption or expectancy of early parole release. See Mich.Comp.Laws Ann. Sec. 791.234 (West 1988); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 12 (1979); Board of Pardons v. Allen, 482 U.S. 369, 372 (1987).
 
 
 8
 Further, the parole board has never entered into a performance contract with Guerrero which would guarantee parole release. The applicable regulation, Mich.Admin.Code r. 791.7725, requires that the board hold a public hearing to formalize any proposed performance. The record herein shows that the board refused to hold a public hearing because it views Guerrero as a risk and has no interest in pursuing the "lifer law" process. Thus, because Guerrero had no legitimate expectation in parole and hence no property or liberty interest therein, he was not deprived of any due process right.
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation